UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY WARREN VALLIER,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Case No. 1:19-CV-924
(Criminal Case No. 1:16:CR:172)

HON. GORDON J. QUIST

## OPINION REGARDING VALLIER'S § 2255 MOTION

Pursuant to 28 U.S.C. § 2255, Timothy Warren Vallier moves to vacate, set aside, or correct his sentence. (ECF No. 1.) He argues that he received ineffective assistance of counsel during his criminal proceedings. The government has responded. (ECF No. 9.) Vallier has filed two supplements. (ECF Nos. 16 and 17.) Because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," § 2255(b), the Court will deny Vallier's motion in its entirety without a hearing.

### BACKGROUND

Vallier was the girls rowing coach at Rockford High School. From 2012 to 2016, he used a hidden camera to record girl rowers under the age of 18 dressing and undressing at the boathouse and freshman locker room. A search of Vallier's residence found 86 videos of 62 different girls changing clothes and additional child pornography on his cellphone and computer.

Vallier was initially charged in state court with several violations of state law. On July 28, 2016, a federal criminal complaint charged Vallier with one count of attempted sexual exploitation

of children, in violation of 18 U.S.C. §§ 2251(a) and (e), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). (R.1.)[1]

On September 14, 2016, the government proposed a plea offer to Vallier. (ECF No. 8-1.) Instead of an indictment, the government proposed that Vallier could plead guilty to a two-count felony information charging him with the same offenses listed in the federal criminal complaint. (*Id.* at PageID.104.) The attempted sexual exploitation of children count, § 2251(a), carried a statutory minimum sentence of 15 years and a maximum of 30 years. (*Id.*) The possession of child pornography count, § 2252(a)(5)(B), had a statutory maximum of 20 years. (*Id.*) Thus, under the proposed deal, Vallier's statutory minimum sentence would be 15 years and maximum would be 50 years. (*Id.*) However, if Vallier rejected the offer, the government threatened to charge one count of attempted sexual exploitation for each victim. Implementation of this threat would expand the possible sentence range by 15 to 30 years for each additional count of conviction. (*Id.* at PageID.105-106.) The government's deadline to accept the offer was September 20, 2016. (*Id.*) After meeting with his defense attorney on or about September 17, 2016, Vallier signed the plea agreement and agreed to plead guilty to the felony information. (R.21.)

At sentencing, Vallier's total offense level was 43 and his criminal history category was I. The Guidelines recommended a sentence of life imprisonment. (R.51 at PageID.247.) The statutory maximum sentence was 600 months. (R.33 at PageID.109.) The presentence report recommended 360 months' incarceration on Count One and 60 months on Count Two, to be served concurrently. (*Id.*) The Court granted Vallier's motion for a downward variance and sentenced Vallier to 264 months (22 years) of imprisonment followed by five years of supervised release.

---

[1] Citations to "R." refer to docket entries in Vallier's criminal case, 1:16-CR-172.

Vallier appealed the sentence, and the Sixth Circuit affirmed the sentence. *United States v. Vallier*, 711 F. App'x 786, 788 (6th Cir. 2018).

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255(a), a prisoner in the custody of the United States may seek collateral relief from a sentence where "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005).

## ANALYSIS

Vallier raises several issues related to the alleged ineffective assistance of defense counsel. A court must grant a hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). All of Vallier's arguments are based on facts that are unequivocally presented in the record or factual allegations that are inherently incredible. Thus, no hearing is required. *See Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018).

"The Sixth Amendment guarantees a defendant the effective assistance of counsel at 'critical stages of a criminal proceeding,' including when he enters a guilty plea." *Lee v. United States*, __ U.S. __, 137 S. Ct. 1958, 1964 (2017) (quoting *Lafler v. Cooper*, 566 U.S. 156, 165, 132 S. Ct. 1376, 1385 (2012)). "'To demonstrate that counsel was constitutionally ineffective, a defendant must show that counsel's representation 'fell below an objective standard of

3

reasonableness' and that he was prejudiced as a result." *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)).

To prove deficient performance, the movant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* The standard for analyzing ineffective assistance claims is "simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S. Ct. 2527, 2535 (2003) (quoting *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065). A movant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2065. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S. Ct. 2574, 2586 (1986). The Court must presume that the lawyer is competent—the burden is on Vallier, therefore, to demonstrate a constitutional violation. *United States v. Cronic*, 466 U.S. 648, 658, 104 S. Ct. 2039, 2046 (1984).

To establish prejudice, the movant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, at 694, 104 S. Ct. at 2068. In the context of a guilty plea, the movant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S. Ct. 366, 370 (1985). "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look

Case 1:19-cv-00924-GJQ ECF No. 19, PageID.235 Filed 09/30/22 Page 5 of 11

to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee,* 137 S. Ct. at 1967.

Claim I: Failure to Explain the Elements of 18 U.S.C. § 2251(a)

Vallier alleges that he pled guilty before being fully advised of the elements of attempted sexual exploitation of a minor. Vallier argues that his trial attorney and appellate attorney failed to advise him of the legal definition of "producing" and "sexually explicit conduct" in 18 U.S.C. § 2251(a). The crux of Vallier's argument is that he did not intend to produce an image of a minor engaging in sexually explicit conduct and that his conduct does not fall within the scope of 18 U.S.C. § 2251(a). According to Vallier, if he had been properly advised of the elements, he would not have pled guilty.

Vallier, however, fails to mention that the Sixth Circuit has already rejected this argument in his direct appeal of his sentence in this case:

> Vallier contends that his offenses do not fall within the category of offenses that 18 U.S.C. § 2251(a) and USSG § 2G2.1 were meant to address, asserting that these provisions do not target what he describes as the passive, surreptitious filming of teens who are simply changing clothes. Courts have repeatedly upheld convictions under § 2251(a) where the defendant, with lascivious intent, secretly videoed minors engaged in otherwise innocent activities such as undressing to change clothes or take a shower. *See, e.g.*, *United States v. Miller*, 829 F.3d 519, 524-26 (7th Cir. 2016); *United States v. Holmes*, 814 F.3d 1246, 1251-52 (11th Cir. 2016); *United States v. Johnson*, 639 F.3d 433, 440-41 (8th Cir. 2011).

*Vallier*, 711 F. App'x at 788. The Sixth Circuit has already ruled that Vallier's conduct falls within the scope of 18 U.S.C. § 2251(a), and Vallier has not identified any viable defense. "A defendant without any viable defense will be highly likely to lose at trial. And a defendant facing such long odds will rarely be able to show prejudice from accepting a guilty plea that offers him a better resolution than would be likely after trial." *Lee*, 137 S. Ct. at 1966.

5

In addition, Vallier's defense attorney, who is an experienced and well-regarded federal criminal defense attorney, states that he advised Vallier of the elements of attempted sexual exploitation on multiple occasions. (ECF No. 8 at PageID.101.) After meeting with his defense attorney and further contemplating the government's offer over the weekend, Vallier agreed to plead guilty and signed the plea agreement. As part of the plea agreement, Vallier "agree[d] that to be guilty of attempted sexual exploitation of children, the resulting depictions need not constitute the lascivious display of the pubic area; rather, the defendant is guilty because he intended to commit such crime and took a substantial step towards doings so." (R.21 at PageID.49.) Vallier further agreed to the following factual basis for his guilty plea to attempted sexual exploitation of children:

> Between about January 2012 and about April 2016, the defendant surreptitiously produced approximately 86 videos of minors dressing and undressing in two high school athletics changing rooms: the Rockford High School rowing team's boathouse and the Rockford Freshman Center. Some of the same children appeared in multiple videos, and others appeared once. In some of the videos, the children dressed and undressed without exposing their pubic area to the camera; in many of the videos, their pubic area is depicted. The defendant knew the children depicted were under the age of 18. He produced these hidden camera videos for the purpose of attempting to depict the lascivious display of the minors' pubic area. The defendant produced and saved the images and videos using multiple devices manufactured outside the state of Michigan. The defendant agrees that recording, reproducing, or saving the images and videos on each device qualifies as "producing" visual depictions for purposes of 18 U.S.C. § 2251.

(*Id.* at PageID.52-53.)

At the change of plea hearing, the government stated that it would prove at trial that Vallier had the intent to capture the lascivious display of the minors' pubic areas by "produc[ing] the images themselves and the videos, which there [were] approximately 86 such videos; . . . the defendant's other conduct, including child pornography on his computer and child pornography search terms and a Mirandized statement that he made admitting to such conduct . . . ." (R.50 at

6

PageID.226.)  When asked by the Magistrate Judge, who took the plea, whether Vallier agreed that the evidence would be sufficient to convict him of attempted sexual exploitation of children, Vallier answered affirmatively.  (R.50 at PageID.227.)  The statements at a plea hearing are "a formidable barrier" to Vallier's collateral attack.  *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 1624 (1977).

Vallier has not shown that his defense attorney did not properly advise him on the elements of attempted sexual exploitation. The record establishes that there was overwhelming circumstantial evidence of Vallier's intent to make videos of naked minor girls for the purpose of attempting to depict lascivious display of the minors' pubic areas.  Vallier drilled a peephole and set up hidden cameras in the boathouse changing room and freshman locker room.  (R.33 at PageID.94.)  He subsequently enlarged the peepholes to get a "better view."  (*Id.*)  "The videos were often an hour long, so he edited them down to the scenes he wanted. He created still images from the videos of particular girls or moments that he wanted to save."  (R.35-1 at PageID.136.) He "organized the images and videos on his computer, including categorizing them into files labeled with at least 15 different girls' first names, as well as into a folder he labeled, 'To be sorted.'" (R.33 at PageID.95.)  The videos he made were saved on his computer along with other child pornography he downloaded from the internet, which included other girls "changing into or out of athletic clothing, getting completely undressed and exposing their pubic area." (*Id.* at PageID.94-95.)  His computer contained a series of Internet keyword searches for terms relating to child pornography such as "school shower teen sex," "teen schoolgirl nude," "barely legal teen sex," "young drunk sex forced," "shower school girl," "young teen rough sex," and "young teen naked." (*Id.* at PageID.95.)  The record establishes that Vallier produced the hidden camera videos

7

for the purpose of attempting to depict the lascivious display of the minors' pubic area. As the Sixth Circuit already ruled, Vallier's conduct falls within the scope of 18 U.S.C. § 2251(a).

The cases outside of the Sixth Circuit cited by Vallier—*United States v. Hillie*, No. 19-3027, __ F.4th __, 2022 WL 2333936 (D.C. Cir. June 28, 2022); *United States v. Howard*, 968 F.3d 717, 719 (7th Cir. 2020), do not save his claim. These cases were decided after Vallier's conviction and do not represent the law in this Circuit. The Sixth Circuit has "repeatedly held that counsel is not ineffective for failing to predict developments in the law, unless they were clearly foreshadowed by existing decisions." *Snider v. United States*, 908 F.3d 183, 192 (6th Cir. 2018); *see also Bullard v. United States*, 937 F.3d 654, 662 (6th Cir. 2019).

In sum, the Sixth Circuit rejected Vallier's similar argument in direct appeal: "Courts have repeatedly upheld convictions under § 2251(a) where the defendant, with lascivious intent, secretly videoed minors engaged in otherwise innocent activities such as undressing to change clothes or take a shower." *Vallier*, 711 F. App'x at 788. Vallier has not shown that his defense counsel rendered any deficient performance in advising him on the elements of attempted sexual exploitation. Even if an error occurred, Vallier has not shown a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Claim II: Plea Agreement Signed Before Felony Information Filed

Vallier also takes issue with the fact that he agreed to the allegations in the felony information before the felony information was e-filed on the docket. As both the government and defense counsel attest, this is common practice in this District. (ECF No. 8 at PageID.101; ECF No. 9 at PageID.115.) The government presents a proposed plea agreement and proposed felony information to a defendant. Once the parties agree to the proposed pleadings, they are filed on the public docket. There is no question that Vallier reviewed the proposed documents before they

were filed. Vallier has not shown that he received ineffective assistance of counsel by following the standard procedure. Nor has he shown that this practice had any effect on whether his guilty plea was voluntary.

Claim III: Failure to Inform of 18 U.S.C. § 1801

Vallier also argues that his defense counsel failed to inform him of 18 U.S.C. § 1801, which criminalizes video voyeurism "in the special maritime and territorial jurisdiction of the United States." Vallier suggests that his conduct more closely fits this offense and that "[C]ongress specifically intended and considered voyeurism of a minor to be punishably by Section 1801 and not Section 2251." (ECF No. 1 at PageID.7.) Vallier was never charged with violating 18 U.S.C. § 1801. He was not in special maritime or territorial jurisdiction when he made the videos. Therefore, Vallier could not have been convicted of violating 18 U.S.C. § 1801. Accordingly, Vallier's defense counsel did not err by failing to inform Vallier of another criminal offense that did not apply to Vallier's conduct.

Claim IV: Failure to Seek Offense Level Reduction for Attempt Under U.S.S.G. 2X1.1

Vallier next argues that he received ineffective assistance of counsel when his defense counsel failed to seek a reduction under U.S.S.G. 2X1.1 for his attempted conduct. The guideline provides: "If an attempt, decrease by 3 levels, unless the defendant completed all the acts the defendant believed necessary for successful completion of the substantive offense . . .". U.S.S.G. § 2X1.1(b)(1). The government contends that Vallier completed all the acts that Vallier believed necessary for the successful completion of the substantive offense. Therefore, the government concludes Vallier is ineligible for the reduction in his offense level

The Court agrees with the government. Furthermore, Vallier makes no effort to establish the prejudice prong of this ineffective assistance of counsel claim. While his advisory Guidelines

would be lower if he received a three-level reduction, the sentence imposed is still below the Guidelines range. Vallier has failed to show that there was a reasonable probability that his sentence would have been any different if his defense counsel had moved for a departure under U.S.S.G. § 2X1.1(b)(1).

### Claim V: Failure to Investigate Conflict of Interest

Vallier finally argues that he received ineffective assistance of counsel when his attorney failed to investigate alleged conflicts of interest. "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691, 104 S. Ct. at 2066. Counsel's actions, either investigating or deciding not to, are assessed for reasonableness, with a "heavy measure of deference to counsel's judgments." *Id.*

Vallier is mistaken that the undersigned's "secretary's daughter was [a] witness and potential alleged victim." (ECF No. 14 at PageID.165.) The potential witness was the daughter of another individual who worked in the Clerk's Office and not in the undersigned's chambers. (R.52 at PageID.299.) The undersigned has had minimal contact with the individual generally and no contact at all with her regarding the instant case. The undersigned raised this issue with the parties when the undersigned discovered it on the day of sentencing. (*Id.*) Vallier and his defense counsel "discussed the matter very thoroughly" and elected to proceed with the sentencing as scheduled. (*Id.* at PageID.304.) The Court agrees with the government that there was no conflict of interest that warranted recusal. Furthermore, Vallier has not shown actual prejudice.

### CERTIFICATE OF APPEALABILITY

Having concluded that Vallier is not entitled to relief, the Court must next determine whether a certificate of appealability should issue under 28 U.S.C. § 2253(c)(2). A certificate

should issue if the movant has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000); *Murphy*, 263 F.3d at 467.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Having reviewed the record and case law, the Court concludes that reasonable jurists could not find this Court's conclusions to be debatable or wrong.

## CONCLUSION

For the foregoing reasons, the Court will dismiss Vallier's § 2255 Motion and deny a certificate of appealability. A separate order will enter.

Dated: September 30, 2022                             /s/ Gordon J. Quist
                                                                         GORDON J. QUIST
                                                                 UNITED STATES DISTRICT JUDGE